No. 26-12718-C

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

SCOTT MCDONALD,
Appellant,

v.

BETH MCDONALD and BROOKE DUMONT,
Appellees.

On Appeal from the United States District Court for the Northern District of Alabama, Northeastern Division
No. 5:25-cv-02226-HDM

# BRIEF OF APPELLEE BETH MCDONALD

J. Eric Brisendine
SCRUGGS, DODD & BRISENDINE, P.A.
Post Office Box 681109
Fort Payne, Alabama 35968
(256) 845-5932

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

1. Brisendine, J. Eric (Attorney for Appellee/Defendant Beth McDonald)

2. Dumont, Brooke (Defendant)

3. McDonald, Beth (Appellee/Defendant)

4. McDonald, Scott (pro se Appellant/Plaintiff)

5. Mooty, Hon. Harold (Trial Court Judge)

6. Stott, Joseph E. (Attorney for Brooke Dumont)

Appellee Beth McDonald certifies that no publicly traded company or corporation has an interest in the outcome of this case or appeal.

*/s/ J. Eric Brisendine*

J. Eric Brisendine (ASB-7604-a58b)
Scruggs, Dodd & Brisendine,
Attorneys, P.A.
PO Box 681109
207 Alabama Avenue Southwest
Fort Payne, Alabama 35968
(256) 845-5932
eric@sdblaw.us

## STATEMENT REGARDING ORAL ARGUMENT

Appellee Beth McDonald does not request oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT .......... 2

STATEMENT REGARDING ORAL ARGUMENT .......... 3

TABLE OF CONTENTS .......... 4

TABLE OF AUTHORITIES .......... 5

STATEMENT OF JURISDICTION .......... 6

STATEMENT OF THE ISSUES .......... 7

STATEMENT OF THE CASE .......... 8

SUMMARY OF THE ARGUMENT .......... 11

ARGUMENT .......... 12

The Trial Court did not abuse its discretion in denying Appellant's Motion to Partially Unseal the Order at issue .......... 12

CONCLUSION .......... 14

CERTIFICATE OF COMPLIANCE .......... 15

CERTIFICATE OF SERVICE .......... 16

# TABLE OF AUTHORITIES

Cases:

Callahan v. United Network for Organ Sharing,
17 F.4th 1356 (11th Cir. 2021) .......................................................... 6

Chicago Tribune Co. v. Bridgestone/Firestone, Inc., **
263 F.3d 1304 (11th Cir. 2001) ................................................. 12-13

Romero v. Drummond Co., Inc.,
480 F.3d 1234 (11th Cir. 2007) ........................................................ 6

Statutes:

18 U.S.C. § 2511 ......................................................................... 8

## STATEMENT OF JURISDICTION

Appellee Beth McDonald agrees that this Court has jurisdiction of this appeal pursuant to the Collateral Order Doctrine. "We have previously held that orders granting motions to seal and orders denying motions to unseal pass this test and are thus 'appealable as collateral to the underlying action.'" Callahan v. United Network for Organ Sharing, 17 F.4th 1356, 1360-61 (11th Cir. 2021) (quoting Romero v. Drummond Co., Inc., 480 F.3d 1234, 1242 (11th Cir. 2007)).

## STATEMENT OF THE ISSUES

1. Whether the trial court abused its discretion by denying Appellant's Motion to Partially Unseal the Order at issue when the trial court identified the competing interests, considered partial unsealing, and found that the redactions would remove context important to the Order's reasoning and disposition.

## STATEMENT OF THE CASE

The pro se Appellant filed suit against his estranged daughter-in-law and her attorney under the Electronic Communications Privacy Act, 18 U.S.C. § 2511, as well as Alabama state law generally, related to an alleged recording of a private conversation between him and his son. The Defendants/Appellees emphatically deny these allegations.

The trial court conducted a hearing on March 31, 2026 to address the fourteen (14) motions the pro se Appellant had filed in the three-month pendency of the case. (Doc. 51 at 4-5, Sealed App. A-013-14).[1] Of these fourteen motions, eight of the motions concerned keeping the recording at issue out of the public's access. (Id.). It was during this hearing that the trial court entered a copy of the recording at issue into the record as a sealed exhibit "**for the purposes of this hearing only**." (Doc. 51 at 5, Sealed App. A-014) (emphasis in original). The trial court then took a recess and listened to the recording in chambers in order to address **the Appellant's request** for privacy protections concerning the recording. (Id.).

[1] References to the district court record are by docket document number and page number. References to Appellant's appendix are by appendix page number; "Sealed App." refers to Appellant's sealed appendix.

The Appellant did not agree to the trial court entering the recording as a sealed exhibit nor to the trial court listening to the recording and subsequently filed three additional motions concerning the recording. (Doc. 51 at 6, Sealed App. A-015).

On April 3, 2026, the trial court entered its Order (Doc. 51 at 1-12, Sealed App. A-010–21) addressing Appellant's Motion to Strike the Sealed Exhibit, and the reasoning behind its decision.

The Appellant then filed a petition for mandamus regarding Doc. 51 and the other rulings handed down by the trial court following the hearing. This appeal is styled *In re Scott McDonald*, No. 26-11143 (11th Cir.). This Court denied Appellant Scott McDonald's mandamus petition on July 2, 2026, and denied his request for reconsideration and his alternative request for rehearing en banc on September 2, 2026.[2]

Following the denial of his mandamus petition, but prior to the denial of his request for reconsideration of the above appeal, the pro se Appellant attacked Doc. 51 again, this time by filing a motion requesting

---

[2] *In re Scott McDonald*, No. 26-11143, Order Denying Petition for Writ of Mandamus (11th Cir. July 2, 2026);*In re Scott McDonald*, No. 26-11143, Order Denying Motion for Reconsideration and Alternative Petition for Rehearing En Banc (11th Cir. Sept. 2, 2026).

the trial court to partially ***unseal*** portions of Doc. 51. (Doc. 67 at 1, App. A-206).

The trial court denied the appellant's motion to partially unseal the Order, and this appeal followed. (Doc. 71 at 1-2, App. A-215–16).

## SUMMARY OF THE ARGUMENT

The Appellee does not object to the complete unsealing of the Order at issue. However, the trial court did not abuse its discretion in denying the Appellant's request to partially unseal its Order (Doc. 51 at 6, Sealed App. A-015). The trial court identified the competing interests, considered partial unsealing, and found that the redactions would remove context important to the Order's reasoning and disposition.

## ARGUMENT

### The Trial Court did not abuse its discretion in denying Appellant's Motion to Partially Unseal the Order at issue.

First, the undersigned Appellee counsel must admit that he, like the trial court, is confused about the reasoning for the relief sought by the Appellant. The pro se Appellant has repeatedly made known his desire that the recording made the basis of his lawsuit and the information contained therein be kept private and not subject to public disclosure. In line with those repeated requests, the trial court sealed the Order that discussed what was on the recording. (Doc. 51 at 1–12, Sealed App. A-010–21).

The Appellant now takes exception to such sealing and wants a partial unsealing of that discussion. While the Appellee does not oppose complete disclosure of the Order in question, the trial court did not abuse its discretion in sealing the Order.

"A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001). The Chicago Tribune Court goes on to state: "The right

to inspect and copy is not absolute, however, id., and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a 'sensitive appreciation of the circumstances that led to . . . [the] production [of the particular document in question].' Not unlike the Rule 26 standard, the common-law right of access requires a balancing of competing interests." Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) (internal citations omitted).

Here, the trial court did not apply an incorrect legal standard, follow improper procedures, or make findings of fact that are clearly erroneous when determining whether or not to seal the Order in question. Rather, the trial court identified the competing interests, considered partial unsealing, and found that the redactions would remove context important to the Order's reasoning and disposition. (Doc. 71 at 1-2, App. A-215–16). Accordingly, the trial court did not abuse its discretion.

## CONCLUSION

Again, the Appellee has no issue with the trial court completely unsealing the Order at issue. However, the trial court did not abuse its discretion in denying the Appellant's Motion to Partially Unseal the Order.

/s/ J. Eric Brisendine
J. Eric Brisendine (ASB-7604-a58b)
Scruggs, Dodd & Brisendine,
Attorneys, P.A.
PO Box 681109
207 Alabama Avenue Southwest
Fort Payne, Alabama 35968
(256) 845-5932
eric@sdblaw.us

## CERTIFICATE OF COMPLIANCE

This brief complies with Fed. R. App. P. 32(a)(7)(B) because, excluding the parts exempted by Rule 32(f), it contains 1020 words. This brief complies with Fed. R. App. P. 32(a)(5) and (6) because it was prepared in 14-point Century Schoolbook font using Microsoft Word.

/s/ *J. Eric Brisendine*

## CERTIFICATE OF SERVICE

On this 9th day of September, 2026, I have served a true and correct copy of the foregoing Brief of Appellee Beth McDonald by US Mail, postage prepaid, as follows:

Scott McDonald
789 Neal Dr.
Gurley, AL 35748
*Pro se Appellant*

Joseph E. Stott, Esq.
Stott & Harrington, P.C.
2637 Valleydale Road, Suite 100
Birmingham, AL 35244
*Counsel for Appellee Brooke Dumont*

/s/ *J. Eric Brisendine*
*Counsel for Appellee Beth McDonald*