No. 26-12718-CC

---

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

SCOTT MCDONALD,
*Plaintiff-Appellant,*

v.

BETH MCDONALD and
BROOKE DUMONT,
*Defendants-Appellees*.

---

On Appeal from the United States District Court
for the Northern District of Alabama, Northeastern Division
Case No. 5:25-cv-02226

---

# REPLY BRIEF OF APPELLANT SCOTT McDONALD

---

Scott McDonald, pro se
789 Neal Drive
Gurley, Alabama 35748
Telephone: 256-503-0675
Email: scottm2@hiwaay.net

## CERTIFICATE OF INTERESTED PERSONS

Plaintiff-Appellant certifies that all parties to this appeal are natural persons. Pursuant to 11th Circuit Rule 26.1-1, the following persons have or may have an interest in the outcome of this appeal:

Brisendine, James Eric, Esq., Counsel for Beth McDonald.

Dumont, Brooke, Esq., Defendant.

McDonald, Beth, Defendant.

McDonald, Nathan, (Non-party).

McDonald, Scott, Plaintiff-Appellant (*pro se*).

Mooty, The Honorable Harold D. III, United States District Judge.

Stott, Joseph E., Esq., Counsel for Brooke Dumont.

Plaintiff-Appellant certifies that this list is complete to the best of Plaintiff-Appellant's knowledge.

Date: 09/11/2026

Scott McDonald
Plaintiff-Appellant, *pro se*
789 Neal Dr.
Gurley, AL 35748
(256) 503-0675
scottm2@hiwaay.net

# TABLE OF CONTENTS


INTRODUCTION ........................................................................................1

ARGUMENT ............................................................................................2

I. Doc. 51 Is a Judicial Record. ..............................................................2

II. The District Court's Findings Remain Inadequate. ...............................4

III. The All-or-Nothing Framework Remains Indefensible. .......................6

A. The Record Contradicts Appellees' Account of the Hearing. ...............6

B. The Conditioning of Access Was Improper. ........................................8

IV. Appellant's Pre-Hearing Filings Are Mischaracterized. .....................10

V. Title III Supports Redaction, Not Wholesale Sealing. .........................14

VI. The Additional Irregularities Remain Unrebutted. ............................16

VII. The Proper Remedy Is Partial Unsealing. .......................................16

VIII. Appellee Dumont's Brief Adds Nothing Independent. ......................17

CONCLUSION .......................................................................................18

## TABLE OF AUTHORITIES

### CASES


* *Callahan v. United Network for Organ Sharing*,
17 F.4th 1356, (11th Cir. 2021) ............ 3, 5, 9

*Chandler v. U.S. Army*,
125 F.3d 1296 (9th Cir. 1997) ............ 13

* *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*,
263 F.3d 1304 (11th Cir. 2001) ............ 2

*Newman v. Graddick*,
696 F.2d 796, 801-03 (11th Cir. 1983) ............ 2, 4

*Nixon v. Warner Commc'ns, Inc.*,
435 U.S. 589, 597 (1978) ............ 2

*Press-Enterprise Co. v. Superior Ct.*,
478 U.S. 1, 13-14 (1986) ............ 8

* *Romero v. Drummond Co.*,
480 F.3d 1234 (11th Cir. 2007) ............ 1, 4

*United Kingdom v. United States*,
238 F.3d 1312 (11th Cir. 2001) ............ 13

*United States v. Giordano*,
158 F. Supp. 2d 242 (D. Conn. 2001) ............ 13

*United States v. Zolin*,
491 U.S. 554 (1989) ............ 10


### STATUTES


18 U.S.C. § 2511 ............ 8, 17

18 U.S.C. § 2515 ............ 8, 17

18 U.S.C. § 2517 ............ 17

18 U.S.C. § 2518 ............ 17

## INTRODUCTION

Appellees do not seriously dispute the central premise of this appeal. Appellee Beth McDonald's brief does not challenge that Doc. 51[1] — the district court's order denying Appellant's motion to strike — is a judicial record subject to the presumption of public access; it does not dispute that targeted redaction was available as an alternative to total sealing; and it expressly disclaims any objection to complete unsealing. (Appellee Beth Br. 11 ("The Appellee does not object to the complete unsealing of the Order at issue.")). Appellee Brooke Dumont's brief adopts and incorporates Appellee Beth McDonald's brief by reference in its entirety and adds only one further, conclusory assertion.

Because Appellee Dumont's brief adopts Appellee McDonald's brief in full, this reply refers to the two collectively as "Appellees' brief" except where Part VIII addresses an argument unique to Appellee Dumont. See *infra* Part VIII.

What remains of Appellees' position is a single, thin argument; that the district court's statement that redaction would remove unspecified "context" satisfies the particularity and narrow-tailoring requirements this Court applies under *Romero v. Drummond Co.*, 480 F.3d 1234 (11th Cir. 2007), and *Chicago Tribune Co. v.*

[1] References to the district court record are by document and page number (e.g., "Doc. ## at ##"). References to the March 31, 2026 hearing transcript (Doc. 52) use the format, "Doc 52 at ##," citing the page number assigned by the court reporter. References to Appellee briefs are identified by party and page number (e.g., "Beth McDonald Br. ##" or "Dumont Br. ##"), citing the page number generated by the CM/ECF electronic filing system for this appeal.

*Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001). That conclusory statement does not satisfy the requirements set out under the cited authorities, and Appellees' brief does not show otherwise — it simply repeats the district court's conclusion without independent analysis of a single passage of the sealed order.

Appellees' brief also repeats a characterization of the March 31, 2026 hearing that the record itself contradicts concerning *in camera* review. See *infra* Part III.A.

**ARGUMENT**

**I. Doc. 51 Is a Judicial Record.**

Appellees' brief does not dispute that Doc. 51 — an order resolving a contested motion and explaining the district court's statutory analysis — is a judicial record under *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), *Newman v. Graddick*, 696 F.2d 796, 801-03 (11th Cir. 1983), and *Chicago Tribune*, 263 F.3d at 1311-12. Nor could it. In the very order on review the district court treated complete public disclosure as an available and acceptable outcome, (Doc. 71 at 2), a position incompatible with any suggestion that Doc. 51 falls outside the presumption of public access altogether.

This Court has held that discovery material generally carries no presumption of access, but that discovery material filed in connection with a motion requiring the court to resolve the merits of a dispute does carry that presumption. *Chicago Tribune*, 263 F.3d at 1312; *accord Callahan v. United Network for Organ Sharing*,

17 F.4th 1356, 1361-62 (11th Cir. 2021) (quoting *Chicago Tribune*, 263 F.3d at 1312). Doc. 51 satisfies that test on its own terms, since it resolved Appellant's contested motion to strike. (Doc. 45).

The recording that Doc. 51 discusses is a different matter, however. The district court has been explicit, on the record, that it has not reached — and does not purport to reach — any merits determination about whether the recording was lawfully intercepted.

At the March 31 hearing, the court explained that any *in camera* review of the recording would proceed "without making a merits determination" on that question, because "[t]here's been no determination... that the recording is unlawful" (a question reserved for the jury to determine). (Doc. 52 at 20-21).

That distinction cuts against Appellees' argument. The recording's content has never been relied upon to resolve the merits of anything, while, conversely, the court's own reasoning in Doc. 51 — the actual judicial record on review — plainly *has been* used to resolve a contested motion. Nothing about the recording's unresolved legality justifies extending sealing to the entire order based on that conflicted reasoning.

Because these threshold points are conceded or independently established, the only question presented is whether sealing the *entire* order, rather than a redacted portion of it, survives abuse-of-discretion review. It does not.

**II. The District Court's Findings Remain Inadequate.**

Appellees' entire substantive argument is that "the trial court identified the competing interests, considered partial unsealing, and found that the redactions would remove context important to the Order's reasoning and disposition." (Beth McDonald Br. 11, 13). That sentence merely restates Doc. 71's own conclusion, (Doc. 71 at 1-2), rather than independently defending it. It does not supply the "specific reasons" this Court requires. *Romero*, 480 F.3d at 1246; *Newman*, 696 F.2d at 803.

Neither Doc. 71 nor Appellees' brief identifies a single passage of Doc. 51 that would become unintelligible if redacted. The discussion section of Doc. 51 addresses the interpretation of 18 U.S.C. §§ 2511 and 2515 largely as a matter of statutory construction and is wholly self-contained; it does not, on its face, depend on the private and case-specific material Appellant has asked to keep sealed. A conclusion restated by counsel remains a conclusion, and it does not substitute for the passage-specific findings *Romero* and *Newman* require.

Nor is "context" among the factors this Court has recognized as relevant to the required balancing in the first place. The recognized considerations include "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information,

whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Callahan*, 17 F.4th at 1363 (quoting *Romero*, 480 F.3d at 1246). "Context" appears nowhere in that list, and Appellees' brief cites no authority in which a court's own generalized sense that redaction would remove "context" can serve as a substitute for that analysis. To the extent context bears on public access at all, it concerns the public's ability to understand what a court did and why — not the substance of private communications the public has no independent interest in seeing. The public's interest in Doc. 51 lies in how the district court construed the Federal Wiretap Act, not in the specific content of a private family dispute. Redacting the latter while publishing the former loses no context relevant to public understanding of the proceeding; it loses only exposure of private matters the public was never entitled to see in the first place.

Even setting "context" aside, Appellees' brief does not address a factor that *is* recognized: the reliability of the information at issue. *Callahan*, 17 F.4th at 1363. That omission is not academic here. Appellant specifically and repeatedly challenged the reliability of the very recording Doc. 51 discusses — its chain of custody, its provenance, and the fact that the version the court reviewed does not match the version identified in the operative complaint. See *infra* Part III.A. Neither Doc. 71 nor Appellees' brief acknowledges, much less weighs, that unresolved

reliability problem, even though it bears directly on how much weight the recording's content should carry in any sealing analysis.

## III. The All-or-Nothing Framework Remains Indefensible.

### *A. The Record Contradicts Appellees' Account of the Hearing.*

Appellees' brief states that the district court "entered a copy of the recording at issue into the record as a sealed exhibit 'for the purposes of this hearing only,'" citing the hearing transcript. (Beth McDonald Br. 8 (citing Doc. 51 at 5)). To the extent this is offered to suggest that Appellant requested or agreed to the version the court reviewed, the record shows the opposite.

At the hearing, Appellant offered the court a specific excerpt of the recording for a specific and appropriate purpose — to support his own then-pending motion for a protective order, Doc. 20:

> "I brought an additional clip from the recording that would be sufficient for the Court to understand that my private communication with my son and -- a private communication with my wife and my son was intercepted in violation of the law. And that would be appropriate, in my opinion -- and I brought an excerpt for the Court to hear that part."

(Doc. 52 at 17).

The district court explained that its planned *in camera* review was undertaken specifically to resolve Doc. 20 because, in the court's words, "there's no way for the Court to evaluate [Appellant's] request for protections... in the normal course of discovery." (Doc. 52 at 21). The court then explained that it would take one of the thumb drives tendered by the parties into chambers — the specific version not yet

determined — and asked whether there were any objections to doing so. (Doc. 52 at 21-22). Appellant objected immediately on chain-of-custody grounds. (Doc. 52 at 22).

Moments later, when the court asked Appellant directly to state what more he wished the court to consider in support of that objection, his position was unambiguous:

> "I object to the Court receiving any recording or content from defense counsel based on there's been no foundation laid for providence [sic], no representation of how they obtained the recording, how it was created, what edits were made to either version. I object on that ground."

(Doc. 52 at 32). The court itself then raised the possibility of reviewing Appellant's version instead: "Would this concern of yours be cured if I listened to your recording and not theirs?" Appellant responded that it would "possibly" resolve his concern. (Doc. 52 at 32). The court nonetheless proceeded to review a version tendered by defense counsel, not Appellant's.

The court later confirmed on the record that the version it reviewed came from "Mr. Stott, defense counsel who represents Ms. Brooke Dumont," and that the recording was "approximately 52 minutes long." (Doc. 52 at 42). That is materially different from, and longer than, the approximately 46-minute recording identified in the operative complaint. (Doc. 17 at 11).

Doc. 20 was never resolved by reference to the recording version offered by Appellant, nor by anything Appellant conceded about the version the court reviewed.

Instead, the district court later disposed of Doc. 20 through entry of its own separate protective order, which the court stated would "moot Document 20... by operation of law." (Doc. 52 at 48). At no point did Appellant request, consent to, or rely upon review of the version tendered by Defendant Dumont's counsel; to the contrary, he objected to it specifically, and on the same record Appellees' brief cites.

This sequence matters for two reasons. First, the recording reviewed *in camera* — and later discussed at length in Doc. 51 — was not the version "at issue" as identified in the operative complaint: it ran approximately 52 minutes rather than the approximately 46 minutes described in the complaint, (Doc. 17 at 11; Doc. 52 at 42), and its chain of custody and provenance were never established on the record notwithstanding Appellant's specific, contemporaneous objections, (Doc. 52 at 22, 32); nor was it the version Appellant proposed. Appellees' brief never addressed these version reliability issues. Second, any suggestion that Appellant is responsible for, invited, or acquiesced in the scope of that in camera review is not supported by, and is contradicted by, the transcript Appellees' own brief cites.

All of these speak further to the questionable reliability of the recording version that Doc. 51 discusses.

***B. The Conditioning of Access Was Improper.***

Separately, Appellees' brief does not address the core defect Appellant identified: the district court did not merely deny partial unsealing — it conditioned

any public access to its own legal reasoning and on Appellant's agreement to complete, unredacted disclosure of the very recording contents Title III restricts. (Doc. 71 at 2 n.2). Appellees' brief does not mention this conditioning. It cannot be reconciled with the requirement that restrictions on access be no broader than necessary, *Press-Enterprise Co. v. Superior Ct.*, 478 U.S. 1, 13-14 (1986), or with this Court's instruction that a district court must consider less restrictive alternatives before resorting to total sealing. *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021).

That condition is untenable for another reason: Appellant has never been provided a copy of, or any technical information identifying, the specific version the court reviewed beyond the fact that it came from defense counsel and ran approximately 52 minutes. (Doc. 52 at 42).

Appellant flagged this exact gap on the record before the court ever reviewed the recording: when asked whether his own 46-minute recording encompassed the version defense counsel represented having, Appellant responded, "I have no knowledge about that." (Doc. 52 at 15). Appellees' own filings confirm why that gap matters. Dumont's own objection to Appellant's motion for a protective order, Doc. 26, acknowledged that "that recording continued during a communication between Plaintiff, Scott McDonald and his son Nathan McDonald," (Doc. 26 at 1) — an admission Beth McDonald joined "in its entirety" in her own objection.

(Doc. 27 at 1). That is a conversation Beth McDonald was not present for and could not authenticate. Nothing in the record establishes whether the version reviewed *in camera* included, excluded, or altered that private exchange. Appellees' brief does not explain how Appellant could meaningfully consent to complete public disclosure of a recording whose specific contents remain unknown to him.

That condition demands more than a waiver of a sealing preference. The 'complete, unredacted disclosure' the district court would require as the price of any public access is the same disclosure and use of the recording that Appellant's operative complaint alleges is independently unlawful. (Doc. 17 at 16-18 (Second Claim for Relief: Disclosure & Use of Surreptitiously Recorded Conversations, 18 U.S.C. § 2511(1)(c)-(d))). In effect, the district court would have Appellant purchase access to its own reasoning by conceding the very proposition his complaint disputes: that disclosure and use of his intercepted private communications is legitimate and acceptable.

**IV. Appellant's Pre-Hearing Filings Are Mischaracterized.**

Appellees' brief repeats, without independent verification, the district court's assertion that eight of Appellant's fourteen motions "concerned keeping the recording at issue out of the public's access." (Beth McDonald Br. 8 (citing Doc. 51 at 4-5)). That characterization does not survive review of the motions it cites, or of the procedural rule that prompted several of them.

Until March 17, 2026, Local Rule 5.3 required discovery materials to be filed with the court because of the presence of a *pro se* party. Doc. 20, Appellant's motion for a protective order and ESI protocol filed February 26, 2026, sought relief expressly because, under that rule, "discovery materials generally are not filed, but must be filed in cases in which there is a *pro se* party," creating "an elevated risk that sensitive discovery (including audio or substantive excerpts) may enter the court public record absent a protective order and a clear filing protocol." (Doc. 20 at 3-4).

Doc. 20's proposed order purposefully and expressly confined any review of the recording to the court itself in consideration of LR 5.3: its "Permitted Access" provision restricted access to "[t]he Court and Court personnel," and its "Minimization of Review" provision limited any such access to what is "reasonably necessary to preserve evidence and address provenance/version/alteration issues." (Doc. 20, Ex. 1 §§ 4-5). Doc. 20 separately noted that, if a privilege dispute arose over withheld ESI, the court could consider "an appropriately tailored *in camera* process." (Doc. 20 at 4 (citing *United States v. Zolin*, 491 U.S. 554 (1989))).

Approximately three weeks after Doc. 20 was filed, the district court entered the March 17, 2026 text order, Doc. 32, removing Local Rule 5.3's filing requirements altogether. The premise underlying much of Doc. 20's request — that the recording would otherwise be automatically filed on the public docket — was accordingly mooted by that March 17 order.

Importantly, every pre-hearing motion filed by Appellant addressing the recording followed the same pattern: each sought to prohibit public disclosure of the recording's contents while expressly preserving — and in every instance expressly agreeing to — *in camera* review by the court itself.

For example, Doc. 34, Appellant's motion filed March 18, 2026 — the day after Local Rule 5.3 was rescinded — is titled in relevant part a request for "In Camera Review in Chambers," and proposes that procedure as the preferred method for any judicial review of the recording. Doc. 35, filed March 20, 2026, is titled in relevant part a request for an "Interim Order Precluding Public Playback or Public Transcript/Quotation of Audio Contents," and separately reiterates that Appellant "does not oppose the Court reviewing the recording in a non-public manner if the Court deems review helpful." Doc. 39, filed March 27, 2026, attaches non-party Nathan McDonald's Title III motion as Exhibit A, which asks the court to prohibit any party from "playing the Recording in open court" or "quoting, paraphrasing, or substantively describing Recording contents on the public record," while separately proposing, in Section V, a "Limited In Camera Review Clause" permitting "a strictly limited, non-public *in camera* review... to the minimum extent necessary." And Doc. 40, Appellant's Title III motion to suppress/exclude the recording, filed March 30, 2026 — the day before the hearing — likewise sought "No open-court playback" and "No public quotation/paraphrase/substantive description of contents on the

public record," while its attached proposed order's Section 2.7, titled "In camera review only if strictly necessary; no transcript; no filing," expressly authorizes in camera review "if the Court determines that it must review any Covered Recording Materials."

That pattern — opposing public disclosure of the recording's contents while consistently inviting the court's own *in camera* review of it — is not a departure from the position Appellant takes in this appeal; it is the same position. Appellant's objection to complete unsealing of Doc. 51 rests on the identical distinction he maintained throughout the proceedings below: public access to the court's reasoning is one thing, and public exposure of the recording's content-disclosing passages is another. See *infra* Parts V, VII.

The remaining motions the district court cited — Docs. 45, 46, and 50 — were filed after the March 31 hearing, after the court had already reviewed and entered into the record a version of the recording Appellant had specifically objected to on chain-of-custody grounds. See *supra* Part III.A. Motions to strike or challenge a ruling already made are the ordinary means of preserving an objection; they are not evidence of an intent, from the outset, to prevent any judicial access.

The district court's characterization — that these motions were intended to "ensure that the court itself is unable to listen to" the recording — does not match the record. From the outset, Doc. 20 proposed that only the court and court personnel

have access to the recording, subject to minimization, not that the court be excluded from it. Every subsequent pre-hearing filing addressing the recording likewise invited a specific, limited form of judicial review. None of Appellant's pre-hearing motions sought to exclude the court altogether.

**V. Title III Supports Redaction, Not Wholesale Sealing.**

Appellees' brief does not cite Title III, 18 U.S.C. §§ 2511, 2515, 2517, 2518(8)-(9), or any of the authority Appellant's opening brief relies on construing the act — *United Kingdom v. United States*, 238 F.3d 1312 (11th Cir. 2001); *Chandler v. U.S. Army*, 125 F.3d 1296 (9th Cir. 1997); *Gelbard v. United States*, 408 U.S. 41 (1972); and *United States v. Giordano*, 158 F. Supp. 2d 242 (D. Conn. 2001).

That silence is telling. If particular passages of Doc. 51 quote or reveal the substance of the disputed recording and private communications, Title III supplies an independent statutory basis for keeping those specific passages sealed. It supplies no basis for withholding the remainder of the district court's legal analysis. Appellees' non-opposition to full disclosure — Appellee McDonald states she "does not object to the complete unsealing of the Order at issue," (Beth McDonald Br. 11), and Appellee Dumont states she "does not oppose the complete unsealing of the Order at issue," (Dumont Br. 2) — if anything confirms that no confidentiality interest attaches to most of Doc. 51's contents; the only interest ever identified is one

Appellant has already accounted for by proposing — not opposing — redaction of the content-disclosing passages.

Separately, the novelty of the district court's interpretation and application of Title III's exclusionary provisions reinforces, rather than diminishes, the public interest in access. At the March 31 hearing, the district court explained its view that a recording may be considered, and even relied upon, before any determination has been made that it was unlawfully intercepted: "There's been no determination, though, Mr. McDonald, yet in this case, that the recording is unlawful. And that's part of your burden of proof in order to establish that you have a cause of action." (Doc. 52 at 20). The court went further: "The recording itself may be the best piece of evidence we have to determine whether it was unlawfully obtained or not. And to disallow its use as evidence in this proceeding would put the cart before the horse." (Doc. 52 at 34). Appellant is aware of no published appellate decision addressing whether a party may rely on an allegedly unlawfully intercepted recording as a defense before the legality of the interception has been adjudicated. Appellant does not ask this Court to resolve that question in this appeal, which concerns only the district court's sealing decision. But a legal position the district court itself describes as resting on an undecided, first-instance question is, if anything, a reason for heightened public and appellate access to the court's reasoning — not a reason to keep it from public view.

**VI. The Additional Irregularities Remain Unrebutted.**

Appellees' brief does not respond to Appellant's showing that Doc. 51 appears to reference extra-record material, (Doc. 51 at 1), contains external references readily severable under the standard reflected in Fed. R. Civ. P. 12(f), (Doc. 51 at 2), or rests in part on the district court's review of a recording version longer than, and materially different from, the version identified in the operative complaint. (Doc. 51 at 9; Doc. 17 at 11). These points are secondary to Appellant's core argument, but their absence from Appellees' response leaves them unrebutted, and they independently reinforce why wholesale sealing cannot stand.

**VII. The Proper Remedy Is Partial Unsealing.**

Appellees' concluding position — that Appellee Beth McDonald "has no issue with the trial court completely unsealing the Order," (Beth McDonald Br. 14), and that Appellee Brooke Dumont likewise "does not oppose the complete unsealing of the Order at issue," (Dumont Br. 2) — is not a defense of the order actually on review. If anything, it confirms that no party before this Court identifies a confidentiality interest broad enough to justify the total sealing Doc. 71 imposed. The only interest Doc. 71 relies on is Appellant's own prior objection to disclosure of recording content, (Doc. 71 at 2 n.2) — an objection Appellant has never withdrawn as to that content, but which he has consistently distinguished from the narrower relief he actually seeks: public access to the court's legal reasoning, with

targeted irrelevant and content-disclosing passages redacted. Neither Doc. 71 nor Appellees' brief explains why that narrower remedy remains foreclosed.

**VIII. Appellee Dumont's Brief Adds Nothing Independent.**

Appellee Dumont's brief adopts and incorporates Appellee McDonald's brief in its entirety and restates, without elaboration, that the district court "identified the competing interests, considered partial unsealing, and found that the redactions would remove context important to the Order's reasoning and disposition." (Dumont Br. 1). For the reasons set forth in Parts I through VII above, that characterization does not withstand review, and the same defects apply with equal force to Appellee Dumont's brief.

Appellee Dumont's brief adds one argument not raised by Appellee McDonald: that, "as the individual whose conduct is discussed in the sealed Order, she has a particularized interest in ensuring that any disclosure of the Order's contents is handled in a manner consistent with the trial court's considered judgment." (Dumont Br. 1). That assertion does not identify which passages of Doc. 51 discuss her conduct, does not explain why any such passages could not be redacted rather than used to justify sealing the order in its entirety, and cites no authority for the proposition that an attorney's interest in how her own conduct is characterized in a judicial order can justify withholding the order's unrelated legal analysis from public view. If anything, a "particularized interest" tied to specific

passages is an argument for targeted redaction of those specific passages — precisely the remedy Appellant seeks — not for continued blanket sealing of an order that, by Appellee Dumont's own account, does not implicate her interests uniformly throughout.

Appellee Dumont further asserts that the district court's sealing decision was made "after reviewing the recording in chambers and carefully weighing the competing interests." (Dumont Br. 1). That is the same unadorned assertion this reply has already shown to be unsupported by the record: the district court's order identifies no passage-specific findings, see *supra* Part II, and the *in camera* review that preceded it was conducted over Appellant's specific and repeated objection to the provenance of the version reviewed, using a recording that does not match the version identified in the operative complaint. See *supra* Part III.A.

Like Appellee McDonald, Appellee Dumont "does not oppose the complete unsealing of the Order at issue." (Dumont Br. 2). That concession is equally fatal to her position: neither Appellee identifies any confidentiality interest that would be harmed by full disclosure but preserved by continued blanket sealing — a position difficult to reconcile with any claim that the order must remain wholly sealed now.

## CONCLUSION

For the reasons stated here and in Appellant's Initial Brief, this Court should reverse the July 31, 2026 order, Doc. 71, and direct the district court to file a public,

redacted version of Doc. 51, withholding only those passages that disclose the substance or content of the disputed recording or other material for which the public has no legitimate interest. Unsealing Doc. 51 on those terms would give the public the only contextual understanding it is owed: how a federal court construed the Federal Wiretap Act in a case of apparent first impression. See supra Part II. That is the context the public has a right to. The context of a private family dispute is not a legitimate public concern. At minimum, the Court should vacate and remand with instructions that the district court make passage-specific findings under the correct legal framework.

Respectfully submitted,

Date: 09/11/2026

[signature]

Scott McDonald
Plaintiff-Appellant, *pro se*
789 Neal Dr.
Gurley, AL 35748
(256) 503-0675
scottm2@hiwaay.net

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 4,136 words, excluding the parts exempted by Fed. R. App. P. 32(f), as counted by Microsoft Word. It also complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and (6) because it uses 14-point Times New Roman, a proportionally spaced typeface.

Date: 09/11/2026

Scott McDonald
Plaintiff-Appellant, *pro se*
789 Neal Dr.
Gurley, AL 35748
(256) 503-0675
scottm2@hiwaay.net

**CERTIFICATE OF SERVICE**

I certify that on August 6, 2026, a true and correct copy of the foregoing REPLY BRIEF OF APPELLANT SCOTT MCDONALD has been sent by electronic means using the Court's CM/ECF electronic filing system for parties registered with CM/ECF and via US Mail, postage prepaid, for all other parties.

Date: 09/11/2026

Scott McDonald
Plaintiff-Appellant, *pro se*
789 Neal Dr.
Gurley, AL 35748
(256) 503-0675
scottm2@hiwaay.net

James Eric Brisendine, Esq.
Counsel for Defendant-Appellee Beth McDonald
SCRUGGS DODD & BRISENDINE, ATTYS, PA
207 Alabama Avenue SW, Fort Payne, AL 36968-1109
256-845-5932
eric@sdblaw.us

Joseph E. Stott, Esq.
Counsel for Defendant-Appellee Brooke Dumont
STOTT & HARRINGTON, P.C.
2637 Valleydale Road, Suite 100
Birmingham, AL 35244
205-573-0500
joe@stottharrington.com