No. 26-12718

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

SCOTT MCDONALD,
*Plaintiff-Appellant,*

v.

BETH MCDONALD and
BROOKE DUMONT,
*Defendants-Appellees*.

On Appeal from the United States District Court
for the Northern District of Alabama, Northeastern Division
Case No. 5:25-cv-02226

**CORRECTED BRIEF OF APPELLANT**
**SCOTT McDONALD**

Scott McDonald, pro se
789 Neal Drive
Gurley, Alabama 35748
Telephone: 256-503-0675
Email: scottm2@hiwaay.net

## CERTIFICATE OF INTERESTED PERSONS

Plaintiff-Appellant certifies that all parties to this appeal are natural persons. Pursuant to 11th Circuit Rule 26.1-1, the following persons have or may have an interest in the outcome of this appeal:

Brisendine, James Eric, Esq., Counsel for Beth McDonald.

Dumont, Brooke, Esq., Defendant.

McDonald, Beth, Defendant.

McDonald, Nathan, (Non-party).

McDonald, Scott, Plaintiff-Appellant (*pro se*).

Mooty, The Honorable Harold D. III, United States District Judge.

Stott, Joseph E., Esq., Counsel for Brooke Dumont.

Plaintiff-Appellant certifies that this list is complete to the best of Plaintiff-Appellant's knowledge.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument unless the Court concludes that oral argument would materially assist resolution of the jurisdictional and access issues presented.

## TABLE OF CONTENTS


STATEMENT OF JURISDICTION ........................................................1

STATEMENT OF THE ISSUES ........................................................2

INTRODUCTION ........................................................3

STATEMENT OF THE CASE........................................................6

STANDARD OF REVIEW ........................................................10

SUMMARY OF THE ARGUMENT ........................................................11

PRELIMINARY STATEMENT........................................................13

ARGUMENT ........................................................14

I. Doc 51 Is a Judicial Record........................................................14

II. The District Court Made No Adequate Findings. ........................................................16

III. The Court Applied an All-or-Nothing Approach. ........................................................17

IV. Title III Supports Redaction, Not Wholesale Sealing........................................................19

V. Additional Irregularities Reinforce the Need for Review. ........................................................22

A. Extra-Record Material ........................................................22

B. Arrest References ........................................................23

C. The Disputed Recording Version ........................................................23

D. Merits Commentary on the Pending Matter ........................................................25

VI. The Proper Remedy Is Partial Unsealing. ........................................................25

CONCLUSION ........................................................26

CERTIFICATE OF COMPLIANCE........................................................29

# TABLE OF AUTHORITIES

## CASES

*Brown v. Advantage Eng'g, Inc.*,
960 F.2d 1013 (11th Cir. 1992) .......... 8, 18

*Callahan v. United Network for Organ Sharing*,
17 F.4th 1356 (11th Cir. 2021) .......... 1, 18, 20

*Chandler v. U.S. Army*,
125 F.3d 1296 (9th Cir. 1997) .......... 4, 6, 15, 23, 32

*Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*,
263 F.3d 1304 (11th Cir. 2001) .......... 3, 7, 14, 18, 19

*Cohen v. Beneficial Indus. Loan Corp.*,
337 U.S. 541 (1949) .......... 1

*Comm'r, Ala. Dep't of Corr. v. Advance Loc. Media, LLC*,
918 F.3d 1161 (11th Cir. 2019) .......... 13

*FTC v. AbbVie Prods. LLC*,
713 F.3d 54 (11th Cir. 2013) .......... 7, 14

*Gelbard v. United States*,
408 U.S. 41 (1972) .......... 11, 15, 24

*Globe Newspaper Co. v. Superior Ct.*,
457 U.S. 596 (1982) .......... 7, 15, 20

*In re Motion to Unseal Elec. Surveillance Evid.*,
990 F.2d 1015 (8th Cir. 1993) .......... 15, 23

*Newman v. Graddick*,
696 F.2d 796 (11th Cir. 1983) .......... 7, 13, 14, 18

*Nixon v. Warner Commc'ns, Inc.*,
435 U.S. 589 (1978) .......... 7, 14, 18

*Press-Enterprise Co. v. Superior Ct.*,
478 U.S. 1 (1986) ... 6, 13, 15, 20, 21

*Romero v. Drummond Co.*,
480 F.3d 1234 (11th Cir. 2007) ... 1, 3, 7, 13, 14, 19, 20, 21

*SEC v. Rajaratnam*,
622 F.3d 159 (2d Cir. 2010) ... 11

*United Kingdom v. United States*,
238 F.3d 1312 (11th Cir. 2001) ... 4, 6, 11, 15, 23

*United States v. Giordano*,
158 F. Supp. 2d 242 (D. Conn. 2001) ... 4, 16, 24

*United States v. Liddy*,
136 F.3d 828 (D.C. Cir. 1998) ... 11

*Wilson v. Am. Motors Corp.*,
759 F.2d 1568 (11th Cir. 1985) ... 8, 18

**STATUTES**

18 U.S.C. § 2511 ... 1, 4, 6, 9, 15, 18, 23

18 U.S.C. § 2515 ... 4, 6, 9, 11, 15, 18, 22, 23, 24, 25

18 U.S.C. § 2520 ... 1

28 U.S.C. § 1291 ... 1

28 U.S.C. § 1331 ... 1

28 U.S.C. § 1367 ... 1

**RULES**

Fed. R. App. P. 4(a)(1)(A) ... 2

Fed. R. Civ. P. 12(f) ... 27

## STATEMENT OF JURISDICTION

The district court had subject-matter jurisdiction under 28 U.S.C. § 1331 because the complaint asserts a civil claim under the Federal Wiretap Act, 18 U.S.C. § 2520, for interception and disclosure prohibited by 18 U.S.C. § 2511. The district court had supplemental jurisdiction under 28 U.S.C. § 1367(a) over Appellant's related state-law claims, which arise from the same recordings and form part of the same case or controversy.

This Court has jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). Orders denying motions to unseal are appealable as collateral to the underlying action. *Romero v. Drummond Co.*, 480 F.3d 1234, 1242 (11th Cir. 2007); *see also Callahan v. United Network for Organ Sharing*, 17 F.4th 1356 (11th Cir. 2021). The order appealed from, Doc 71, entered July 31, 2026, conclusively denied Appellant's motion to unseal Doc 51 in part; it resolves an important question — public access to a judicial order — separate from the merits of the underlying claims; and it is effectively unreviewable on appeal from a final judgment because the value of contemporaneous public access cannot be restored later.

Appellant filed a timely notice of appeal on August 3, 2026, Doc 72, within thirty days of entry of the order. Fed. R. App. P. 4(a)(1)(A).

## STATEMENT OF THE ISSUES

1. Whether the district court abused its discretion by denying Appellant's motion to unseal, or alternatively partially unseal, Doc 51, Order Denying Motion to Strike, without making findings sufficient for appellate review.
2. Whether Doc 51, as a judicial order resolving a contested motion and explaining the district court's reasoning, is a judicial record subject to the common-law presumption of public access. See *Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007); *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-12 (11th Cir. 2001).
3. Whether the district court erred by treating the matter as a choice between complete sealing and complete unsealing, and by effectively conditioning public access on Appellant's willingness to permit wholesale public disclosure of allegedly unlawfully intercepted communications.
4. Whether Title III required the district court to preserve sealing of quoted or content-disclosing intercepted material, including Footnote 4, while not justifying wholesale sealing of the court's legal analysis and reasoning. See 18 U.S.C. §§ 2511, 2515, 2517, 2518(8), 2518(9); *United Kingdom v. United States*, 238 F.3d 1312, 1322-23 (11th Cir. 2001); *Chandler v. U.S. Army*, 125 F.3d 1296, 1301-02 (9th Cir. 1997); *United States v. Giordano*, 158 F. Supp. 2d 242, 245-46 (D. Conn. 2001).

5. Whether the need for public scrutiny is heightened because Doc 51 appears to rely on extra-record material, includes immaterial, impertinent, or scandalous arrest references, and rests in part on an *in camera* review of a disputed recording version, longer than the one identified in the complaint, that Appellant objected to and had not reviewed.

## INTRODUCTION

This appeal concerns an extraordinary ruling. The district court kept entirely sealed its own order explaining why it denied relief, yet refused the narrower course of releasing a redacted public version.

Appellant did not ask the district court to place allegedly intercepted communications on the public docket.[1] He sought the opposite. He asked the court to permit a redacted public version of Doc 51 that would make the court's legal reasoning available while preserving sealing of any quoted or content-disclosing intercepted material, including Footnote 4.[2]

The district court refused that narrower remedy. More than that, it did not simply deny public access; it made access contingent upon Appellant's willingness

[1] That the recording includes communications of the type described in the complaint is not disputed; the parties' dispute whether its contents may be used or disclosed. Doc 26 - Pg 1.

[2] All document citations refer to the district court docket. For example, 'Doc 47 - Pg 5' indicates Document Number 47, Page 5. References to Doc 51 mean the Order Denying Plaintiff's Motion to Strike 45 (Sealed Exhibit 1) (Apr. 4, 2026); 'Footnote 4' means Doc 51 - Pg 10 n.4; and references to Doc 71 mean the Order Denying Plaintiff's Motion to Unseal 51 (July 31, 2026).

to permit wholesale public disclosure of allegedly unlawfully intercepted communications. In Doc 71, the court stated that it "will not publish a redacted version" because the redactions would remove context, but that if Plaintiff preferred "full public disclosure," he could file a notice stating he had no objection to "complete unsealing." Doc 71 – Pg 2 n.2. That was not a reasoned balancing of access and confidentiality. It was an arbitrary condition: Appellant could attain public access to the court's reasoning only by agreeing to place allegedly unlawful intercepted content on the public docket.

At the same time, Title III imposes independent restrictions on the use and disclosure of intercepted communications and strongly protects against public dissemination of recording contents absent a prior determination of lawfulness. See 18 U.S.C. §§ 2511, 2515, 2517, 2518(8), 2518(9); *United Kingdom*, 238 F.3d at 1322-23. Those protections do not turn on whether the interception was governmental or private. *Chandler*, 125 F.3d at 1301-02.[3]

In other words, the district court made public access to its legal analysis contingent upon Appellant's willingness to permit publication of recording content

[3] Petitioner is proceeding pro se and does not have access to subscription legal research services. Petitioner has relied on publicly available sources and has attempted in good faith to verify the authorities cited. Where pinpoint citations are not provided, Petitioner will supplement pin cites if the Court directs or if additional source materials become available.

that, if unlawfully intercepted, Title III protects from use in court. See 18 U.S.C. § 2515.

The proper course was therefore neither wholesale secrecy nor wholesale disclosure. It was targeted redaction. See *Press-Enterprise Co. v. Superior Ct.*, 478 U.S. 1, 13-14 (1986); *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 606-07 (1982); *Romero*, 480 F.3d at 1246.

Doc 51 is a judicial order. It resolves a contested motion and explains the district court's reasoning. It is therefore a judicial record subject to the presumption of public access. See *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Newman v. Graddick*, 696 F.2d 796, 801-03 (11th Cir. 1983); *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-12 (11th Cir. 2001); *FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013). Public access is not merely a matter of curiosity. It protects the integrity of the courts, promotes public confidence in the judicial process, and helps ensure that judicial power is exercised openly and accountably. See *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

This case presents additional reasons why wholesale sealing cannot stand. Doc 51 appears to reference extra-record material, includes arrest references that could readily be redacted, and rests in part on the district court's *in camera* review

of a disputed recording version, longer than the one identified in the complaint, that Appellant objected to and had not reviewed. Those circumstances reinforce the need for public and appellate scrutiny.

Appellant does not ask this Court in this appeal to decide the ultimate admissibility of any recording version or to adjudicate the merits of his Title III claim. He asks only that the district court's legal reasoning not remain wholly hidden from public view, while any genuinely protected intercepted contents remain redacted.

Because the district court made no passage-specific findings, failed to consider narrower alternatives, and conditioned public access on Appellant's willingness to accept full disclosure of allegedly unlawful intercepted content, its order should be reversed.

## STATEMENT OF THE CASE

This appeal presents a narrow access question. Appellant does not ask this Court to resolve the ultimate merits of the underlying evidentiary dispute. The question is whether the district court could keep entirely sealed Doc 51, Order Denying Motion to Strike, while refusing to permit any redacted public version.

The district court had earlier entered Doc 44, Protective Order, governing recordings and related materials. That order required any party seeking to file the audio recording at issue in the March 31, 2026 hearing, or any alternate versions

thereof, to file it under seal, and further required advance leave to file any derivative of the recording, including transcripts or quotations, under seal. Yet neither Doc 44 nor the surrounding record contains the particularized findings required by *Romero* to justify such broad sealing. That omission matters because the court later relied on the same all-or-nothing framework when it refused to unseal any portion of Doc 51.

Doc 51 is not a private discovery exchange. It is a judicial order. It contains discussion and analysis of 18 U.S.C. §§ 2511 and 2515, and the court's reasons for denying relief. The discussion section is largely self-contained statutory analysis. It does not require case-specific details in order to be understood. Nor does it depend on publication of private family details, arrest references, judicial commentary, or quoted intercepted content. The district court's claim that redactions would destroy context is therefore overstated. Selective redactions would not detract from the order's discussion of the intended purpose of the Federal Wiretap Act.

The circumstances surrounding Doc 51 are unusual and important. At the March 31, 2026 hearing, the district court permitted defense counsel to submit a recording for *in camera* review. Appellant objected on the record that he did not know what version was being submitted, had not reviewed it, and had no provenance, chain-of-custody, or edit-history information sufficient to establish what the court was being asked to consider. Those objections were material

because multiple versions had already been identified, and the version submitted for *in camera* review was not the version described in the complaint as approximately 46 minutes long. Instead, the district court later described the recording it reviewed as approximately 52 minutes long. That disparity matters. It indicates that the court reviewed a different version from the one identified in the pleading, and one Appellant has maintained was edited and was the version preferred by Defendants. Appellant further contends that the shorter versions were acknowledged in substance during the hearing as having been "shortened," underscoring the need for caution before public dissemination or judicial reliance when the recording's identity and integrity were themselves in dispute.

Appellant moved to unseal Doc 51 in part, or alternatively to permit a redacted public version. He did not seek unrestricted public disclosure of sensitive material. To the contrary, his position has consistently been that the contents of allegedly unlawful intercepted communications should not be publicly disclosed absent lawful justification or adjudication of lawfulness. See *SEC v. Rajaratnam*, 622 F.3d 159 (2d Cir. 2010); *United States v. Liddy*, 136 F.3d 828, 829-30 (D.C. Cir. 1998) (per curiam) (describing the court's unpublished January 19, 1973 order as a suppression order coterminous with the evidence-barring provision of 18 U.S.C. § 2515). That position accords with Title III's restrictive disclosure

framework. See *United Kingdom*, 238 F.3d at 1322-23; *Gelbard v. United States*, 408 U.S. 41, 51 (1972).

The district court denied the motion in Doc 71, Order Denying Plaintiff's Motion to Unseal 51. It stated: "The court will not publish a redacted version of its prior order because the necessary redactions would remove context important to understanding both the court's reasoning and its disposition." It then stated that if Plaintiff preferred "full public disclosure," he could file a notice stating he had no objection to "the complete unsealing of the order." Doc 71 – Pg 2. In a footnote, the court added that it "would prefer full public disclosure" and had sealed the order as a "courtesy" to Plaintiff. Doc 71 – Pg 2 n.2. That reasoning made public access contingent upon Appellant's willingness to consent to publication of allegedly unlawfully-intercepted content. It did not engage in the required passage-specific analysis of what could remain sealed and what could be redacted while preserving public access to the court's legal reasoning.

Doc 51 also appears to reference the underlying divorce action by case number and to incorporate factual material beyond the materials cited by the parties. From Appellant's perspective, that raises the further concern that the district court relied, at least in part, on extra-record information developed through its own independent research rather than through the adversarial record. That circumstance heightens the need for public scrutiny of the order's reasoning.

Thus, the ruling below leaves wholly sealed a judicial order explaining the basis for the court's decision, while also insulating from scrutiny an order that appears to rely on extra-record material and on an *in camera* review of a disputed, edited recording version that Appellant objected to and had not reviewed. This appeal followed.

## STANDARD OF REVIEW

An order sealing or unsealing judicial records is reviewed for abuse of discretion. *Romero*, 480 F.3d at 1241.

That discretion is limited. A district court must articulate the basis for sealing with enough specificity to permit review and must consider narrower alternatives before maintaining total sealing of a judicial record. *Id*. at 1246; *Newman*, 696 F.2d at 803; *Press-Enterprise*, 478 U.S. at 13-14.

To the extent this appeal presents legal questions concerning the status of Doc 51 as a judicial record, the effect of Title III's disclosure restrictions, or the adequacy of the district court's rationale, review is *de novo*. See *Comm'r, Ala. Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1165 (11th Cir. 2019) (whether a document is a judicial record subject to the common-law right of access is a question of law reviewed *de novo*).

## SUMMARY OF THE ARGUMENT

This appeal turns on a straightforward point. The district court refused to separate what could be publicly filed from what Title III may require to remain sealed.

First, Doc 51 is a judicial order. It resolves a contested motion and sets out the district court's reasoning. It is therefore a judicial record subject to a strong presumption of public access. *Nixon*, 435 U.S. at 597; *Newman*, 696 F.2d at 801-03; *Chi. Trib.*, 263 F.3d at 1311-12; *AbbVie*, 713 F.3d at 62.

Second, the district court did not justify continued total sealing with findings sufficient for review. It did not identify the passages requiring protection, the interests outweighing access, or the reason narrower redactions would not suffice. Instead, it relied on general statements about lost context and Appellant's earlier privacy objection. That was not enough. *Romero*, 480 F.3d at 1246; *Newman*, 696 F.2d at 803.

Third, the district court applied the wrong framework. Appellant sought partial unsealing. The court responded with an all-or-nothing choice between total sealing and total disclosure. Worse, it made access contingent upon Appellant's willingness to permit wholesale public disclosure of allegedly unlawfully intercepted communications. That was arbitrary and incompatible with the

obligation to consider narrower alternatives. *Press-Enterprise*, 478 U.S. at 13-14; *Globe Newspaper*, 457 U.S. at 606-07.

Fourth, Title III reinforces that conclusion. The statute tightly regulates both the use and disclosure of intercepted communications. See 18 U.S.C. §§ 2511, 2515, 2517, 2518(8), 2518(9). Courts have recognized that unauthorized disclosure of intercepted contents is barred absent specific statutory authorization. *United Kingdom*, 238 F.3d at 1322-23; *In re Motion to Unseal Elec. Surveillance Evid.*, 990 F.2d 1015, 1018 (8th Cir. 1993) (en banc) ("Title III prohibits all disclosures not authorized therein"). *Gelbard* confirms that the invasion is not simply "over and done with" once interception occurs. 408 U.S. at 51. *Chandler* explains that Title III applies even to evidence obtained by entirely private misconduct and that Section 2515's limitation on use turns on improper interception regardless of whether the interception was governmental or private. 125 F.3d at 1301-02. *Giordano* adds that "the fruits of an electronic surveillance should not be publicly disseminated" before the affected party has had the opportunity contemplated by the statute to inspect and challenge the surveillance materials. 158 F. Supp. 2d at 246. If Footnote 4 reveals the fruits of allegedly unlawful interception, Title III supports keeping that passage nonpublic. It does not support keeping the rest of the order hidden.

Fifth, the need for public scrutiny is heightened because Doc 51 does not rest solely on routine record materials. It appears to reference extra-record information, includes readily redactable arrest references, and rests in part on the district court's *in camera* review of a disputed recording version, longer than the one identified in the complaint, that Appellant objected to and had not reviewed. Those irregularities are not the lead issue, but they reinforce why the court's reasoning should not remain wholly shielded from public and appellate review.

This Court should reverse and direct the district court to place on the public docket a redacted version of Doc 51, with only genuinely protected passages withheld. At minimum, this Court should vacate and remand with instructions to make passage-specific findings and to apply Title III and public-access principles under the correct legal framework.

## PRELIMINARY STATEMENT

This appeal does not ask whether quoted intercepted content should be publicly disclosed. Appellant's position has consistently been the reverse. If Footnote 4 or other passages in Doc 51 disclose the substance of allegedly unlawful interceptions, those passages may remain sealed.

Nor does Appellant ask this Court to decide in this appeal the ultimate admissibility of any recording version. But the existence of Title III's anti-use and

anti-disclosure rules directly informs whether quoted intercepted contents may remain sealed while the court's legal analysis is unsealed.

What Appellant challenges is the district court's refusal to do the obvious and narrower thing: redact the content-disclosing and irrelevant or extra-judicial passages and make the balance of the court's reasoning public.

That refusal cannot be squared with this Court's access precedents, with the duty to consider narrower alternatives, or with Title III's own distinction between protected intercepted contents and the separate question whether a court's legal reasoning may remain wholly hidden from public view.

## ARGUMENT

### I. Doc 51 Is a Judicial Record.

Before any sealing analysis begins, Doc 51 must be recognized for what it is: a judicial order explaining the district court's exercise of judicial power.

Doc 51 is the district court's own order. It is not merely a private discovery submission. It resolves a contested motion, discusses facts, interprets 18 U.S.C. § 2511 and 2515, and explains why relief was denied.

That status is decisive. The Supreme Court has recognized a general right "to inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S. at 597. This Court has recognized a "general presumption that criminal and civil actions should be conducted publicly."

*Newman*, 696 F.2d at 801-03. And once matters are brought before a court for resolution, they are not solely the parties' case, but also the public's case. *Brown*, 960 F.2d at 1016. Public access promotes confidence in the judicial process and preserves the integrity of the courts. *Wilson*, 759 F.2d at 1571; *Chi. Trib.*, 263 F.3d at 1311-12. This Court has recently reaffirmed the strength of that presumption. See *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1359 (11th Cir. 2021).

In *Romero*, this Court held that documents "filed in connection with pretrial motions that require judicial resolution of the merits" are subject to the common-law right of access. 480 F.3d at 1245. *Chicago Tribune* states the same principle. 263 F.3d at 1312. Doc 51 falls comfortably within that category. It is a judicial order resolving a contested motion and setting out the district court's statutory interpretation and legal analysis.

The district court did not hold otherwise. It did not say Doc 51 was categorically beyond public-access principles. Instead, it indicated that complete unsealing would be acceptable if Appellant chose that route. That concession defeats any suggestion that the order, as such, was exempt from scrutiny. The real question was whether it could remain wholly sealed despite the availability of narrower alternatives.

It could not. Because Doc 51 is a judicial record, the district court was required to justify continued sealing with specific findings and narrow tailoring. It did neither.

**II. The District Court Made No Adequate Findings.**

Even if some sealing were proper, the district court was required to explain why, passage by passage, and why redaction would not suffice.

The district court's explanation does not sustain total sealing of a judicial order. Its reasoning was limited to general assertions that redactions would remove context, that Plaintiff had objected to disclosure, and that full unsealing remained available if Plaintiff wished it. None of these satisfy the obligation to provide findings sufficient for review.

Under *Romero*, a district court must "articulate the particular reasons for its ruling" and give "specific reasons" supporting sealing. 480 F.3d at 1246. *Newman* similarly requires articulated findings sufficient for review. 696 F.2d at 803. *Press-Enterprise* and *Globe Newspaper* make clear that restrictions on access must rest on a specific justification and be no broader than necessary. *Press-Enterprise*, 478 U.S. at 13-14; *Globe Newspaper*, 457 U.S. at 606-07. That balancing includes consideration of the availability of less onerous alternatives to sealing. *Callahan*, 17 F.4th at 1363.

Here, the district court did not identify the specific passages requiring continued sealing. It did not identify the precise interests attached to those passages. It did not explain why those interests outweighed access. And it did not explain why limited redactions would fail.

The court's reference to context was especially inadequate. Much of the discussion section presents as a self-contained statutory analysis. It does not require publication of private family details, arrest references, judicial commentary, or quoted intercepted content in order to be understood. Nor did the court explain why those portions could not be redacted while the balance of the legal analysis was released. Footnote 4's placement as a footnote further suggests that the quoted content was not indispensable to the court's reasoning.

For that reason alone, the order cannot stand.

**III. The Court Applied an All-or-Nothing Approach.**

The district court acted as though partial unsealing was not a real option, even though it was the option Appellant requested. Appellant did not ask the district court to make every sentence of Doc 51 public. He asked for partial unsealing through redaction.

The district court nevertheless treated the issue as if only two choices existed: keep the order entirely sealed or unseal it in full. That was error. When a judicial order contains both material that may properly remain nonpublic and

material that plainly may be disclosed, the ordinary course is severance and redaction. *Press-Enterprise*, 478 U.S. at 13-14; *Romero*, 480 F.3d at 1246.

The error was compounded by the condition the court imposed. In Doc 71, the court stated that it would not publish a redacted version, but that [Appellant-] Plaintiff could obtain unsealing if he filed notice that he had no objection to "complete unsealing." The court thus made public access contingent upon Appellant's willingness to accept wholesale public disclosure of allegedly unlawfully intercepted content. That is not balancing, it is arbitrary conditioning.

Title III makes the defect plainer still. If some portions of Doc 51 disclose the contents of intercepted communications, that is a reason to preserve those passages under seal. It is not a reason to force Appellant to choose between total secrecy and complete public disclosure of the very content Title III is designed to protect from use and disclosure.

The district court did not merely deny partial unsealing. It conditioned access to its legal reasoning on Appellant's willingness to permit public filing of recording content that, if unlawfully intercepted, Title III provides 'may not be received in evidence in any trial, hearing, or other proceeding.' 18 U.S.C. § 2515. That is not narrow tailoring. It is an inversion of both public-access doctrine and the Federal Wiretap Act.

The district court's all-or-nothing premise was therefore flawed both as a matter of access doctrine and as a matter of statutory fit.

**IV. Title III Supports Redaction, Not Wholesale Sealing.**

Title III does not support the district court's all-or-nothing approach; it supports Appellant's narrower remedy.

Title III regulates not only interception, but also the use and disclosure of intercepted communications. See 18 U.S.C. §§ 2511, 2515, 2517, 2518(8), 2518(9). Courts construing the statute have stated the governing principle in direct terms: the question is whether Title III specifically authorizes disclosure, not whether it merely fails to prohibit it, because disclosures not authorized by the statute are forbidden. *United Kingdom*, 238 F.3d at 1322-23; *In re Motion to Unseal Elec. Surveillance Evid.*, 990 F.2d at 1018.

*Gelbard* should be given special weight here. In rejecting the idea that use of unlawfully intercepted communications becomes acceptable after the initial privacy invasion, the Supreme Court treated Section 2515 as a serious non-use rule. See *Gelbard*, 408 U.S. at 51. That principle matters because it undermines any suggestion that quoted intercepted content may be placed on the public docket simply because the initial interception has already occurred.

Those restrictions are not limited to government interceptions. *Chandler* makes the point directly. "Unlike Fourth Amendment limitations on searches, the

wiretapping statute applies even to evidence obtained by entirely private misconduct." 125 F.3d at 1301. The Ninth Circuit continued: "The limitation on use turns on improper interception, under 18 U.S.C. § 2515, regardless of whether the interception was governmental or private." *Id*. *Chandler* further explained that *Gelbard* rejects the proposition that wiretap evidence becomes usable after "the invasion of privacy is over and done with." *Id*. at 1301-02.

That reasoning matters here. The alleged interception was private. But that does not weaken Title III's anti-use or anti-disclosure principles. It confirms their applicability.

*Giordano* reinforces the same point from the disclosure side. There, the court explained that "[p]rotection of individual privacy rights are of paramount importance and concern whenever there is a Title III wiretap," that Title III "requires strict regulation of both the use of electronic surveillance and the use to which the information gathered through electronic surveillance may be put," and that if surveillance is unlawful, its fruits are "unlawful and inadmissible in evidence in any court proceeding." 158 F. Supp. 2d at 245-46. *Giordano* then added the point most relevant here: "Until the defendant has had this [prior review] opportunity, the fruits of an electronic surveillance should not be publicly disseminated." *Id*. at 246. The privacy invasion "is not over when the interception

occurs, but is compounded by disclosure." *Id*. (quoting *In re Globe Newspaper Co.*, 729 F.2d 47, 54 (1st Cir. 1984)).

That reasoning fits Footnote 4. If Footnote 4 quotes or reveals the contents of allegedly unlawful interception, Title III gives the district court substantial reason to keep that passage sealed or redacted. The same is true of any other passage disclosing the substance of intercepted communications.

That condition also underscores the tension between the district court's ruling and Title III's non-use framework. If the recording content was unlawfully intercepted, Section 2515 provides that it may not be received in evidence or otherwise used in court, yet the district court made access to its legal analysis depend on Appellant's willingness to allow publication of that same content. See 18 U.S.C. § 2515.

But the statute does not require blanket secrecy for the entire order. Title III protects contents. It does not require suppression of all judicial reasoning merely because the case involves disputed recording evidence.

The distinction is critical. Appellant has never sought public dissemination of intercepted contents as such. His position has been the opposite. He seeks public access to the court's reasoning while preserving narrow redactions for quoted or content-bearing material. Title III strengthens that position because it shows why a middle course was not only available, but firmly supported by the statute itself.

The district court therefore asked the wrong question. Once Title III is implicated, the issue is not whether Doc 51 must remain wholly sealed or be wholly unsealed. The issue is which parts, if any, disclose intercepted contents and therefore should remain nonpublic, and which parts are ordinary judicial reasoning that should be publicly filed.

**V. Additional Irregularities Reinforce the Need for Review.**

The following points do not replace the core access and Title III arguments; they reinforce why narrowly selected redactions are appropriate prior to unsealing.

**A. Extra-Record Material**

Doc 51 appears to reference extra-record material. The order identifies the underlying divorce case by case number and includes factual background that, from Appellant's perspective, was not drawn solely from the parties' cited submissions. That raises the concern that the district court relied in part on information developed through its own independent research rather than through the adversarial record. Doc 51 - Pg 1.

Whatever its ultimate significance elsewhere, that concern matters here. A sealed judicial order that appears to rest, even in part, on extra-record material creates a special review problem. The parties cannot fully test what they cannot see, and the public cannot evaluate the court's exercise of judicial power if the

basis for that exercise remains wholly hidden. That is precisely why public access serves the integrity of the courts.

**B. Arrest References**

Doc 51 also contains arrest-related references that, in Appellant's view, are immaterial, impertinent, or scandalous in the sense reflected by Federal Rule of Civil Procedure 12(f). Doc 51 – Pg 2. See Fed. R. Civ. P. 12(f). Those references are prejudicial and unnecessary to publication of the court's legal reasoning.

That point matters for two reasons. First, it further demonstrates that redaction was feasible. Second, it highlights the flaw in the district court's all-or-nothing approach. If particular arrest references were irrelevant or purely prejudicial and scandalous, they could have been redacted while the balance of the order was publicly filed without affecting context. Their existence therefore supports partial unsealing, not total sealing.

**C. The Disputed Recording Version**

Doc 51 rests in part on the district court's *in camera* review of a disputed version of the recording. At the March 31, 2026 hearing, Appellant offered the court a version for the purpose of establishing that private communications were intercepted. Doc 52 – 17. Yet, the court instead reviewed a version proffered by Defendants to determine evidentiary value. Doc 52 – Pg 14-15, 20, 21, 34; Doc 51 – Pg 9. Appellant objected to the version tendered by defense counsel because it

lacked provenance, chain-of-custody, and edit-history information and was not the version at issue. Doc 52 – Pg 14-15, 22, 32.

Those concerns were not academic. The complaint described the version at issue as approximately 46 minutes long. Doc 17 – Pg 11. The court described the version it reviewed as approximately 52 minutes long. Doc 52 – Pg 42. That disparity indicates the court reviewed a different recording from the one identified in the pleading, and one Appellant has maintained was edited. The record further reflects acknowledgment that shorter versions had been "shortened," reinforcing the concern that the recording reviewed was not a fixed or neutral record of the events at issue. Doc 52 – Pg 12-13.

Appellant does not ask this Court, in this appeal, to decide the recording's ultimate admissibility. But where a sealed judicial order undertakes legal analysis while resting in part on *in camera* review of a disputed, edited, and materially different recording that Appellant objected to and had not reviewed, the case for public scrutiny becomes stronger, not weaker.

Taken together, these circumstances reinforce the same conclusion reached above: if some passages must remain sealed because they reveal intercepted contents or other sensitive matter, they may remain sealed. But wholesale sealing of the order cannot be justified.

**D. Merits Commentary on the Pending Matter**

Appellant further notes that some portions of Doc 51 appear to express the district court's subjective view of disputed merits issues in the pending matter. Doc 51 – Pg 3, 4, 9 and 10 n.4. Those passages are distinct from the order's broader legal analysis and are not necessary to public understanding of the court's statutory interpretation. Appellant does not ask this Court to resolve those merits questions here. The commentaries are noted because, if partial unsealing is ordered, such passages are additional candidates for limited redaction.

**VI. The Proper Remedy Is Partial Unsealing.**

Once the district court's premise is rejected, the proper disposition is straightforward: redact what must remain protected and publicly file the balance.

Large portions of Doc 51 consist of legal analysis. Those sections discuss the relevant statute sections and describe the court's interpretation of the law. The public has little or no legitimate interest in private family details and disputed facts that are central to the complaint. But the public has substantial interest in how a federal district court interprets the suppression and exclusion provisions of the Federal Wiretap Act, Title III. That is the point of public access here.

By contrast, the likely candidates for continued redaction are discrete. They include quoted recording content, substance-revealing paraphrases, references to private communications of non-parties, arrest references or similar material not

relevant to the dispute, judicial commentary on the merits of the pending litigation, and other passage directly disclosing intercepted contents or similarly sensitive details. The case-specific content could be removed without impairing the gravamen of the discussion section's interpretation of the Federal Wiretap Act.

Those categories are severable. They can be redacted without obscuring the court's legal analysis. The district court's own protective-order framework recognized that recording-related material and derivative uses of it required special handling, which further demonstrates that narrower treatment of Footnote 4 and similar passages was practical. Targeted redactions are appropriate and would not affect the order's substantive statutory interpretation of Title III.

The district court's only answer was that redactions would remove context. That generalized assertion is insufficient. Legal reasoning does not become categorically nonpublic merely because some supporting factual passages must remain sealed. And unlike dispositive orders that may require fuller factual treatment, Doc 51 is not a dispositive order and does not require publication of otherwise sealable content.

## CONCLUSION

This Court should reverse the July 31, 2026 order, Doc 71, Order Denying Plaintiff's Motion to Unseal 51, and direct the district court to file a public redacted version of Doc 51, Order Denying Motion to Strike.

Doc 51 is a judicial record. The district court did not justify keeping it entirely sealed. Its refusal to permit any redacted public filing rested on an impermissible all-or-nothing approach, and that error was compounded when the court made public access contingent upon Appellant's willingness to accept wholesale public disclosure of allegedly unlawfully intercepted communications.

Title III makes the error more serious, not less. If particular passages such as Footnote 4 disclose intercepted contents, those passages may remain sealed. But the statute does not justify suppressing the entirety of the court's legal reasoning. To the contrary, Title III confirms that the proper course was to protect quoted or content-disclosing interception material while publicly filing the balance of the order.

The need for public review is stronger here because Doc 51 appears to rely on extra-record material, includes readily redactable arrest references, and rests on an *in camera* review of a disputed, edited recording version that Appellant objected to and had not reviewed. Those circumstances underscore why the order's reasoning should not remain wholly shielded from scrutiny.

That conclusion does not depend on government misconduct. As *Chandler* confirms, Title III's limitation on use turns on improper interception regardless of whether the interception was governmental or private. 125 F.3d at 1301. The same logic supports protection against unnecessary public disclosure here.

If any further proceedings are necessary, they should be limited to identifying the specific passages, if any, that may remain sealed under a proper and narrowly applied standard.

Respectfully submitted,

Date: 09/08/2026

Scott McDonald
Plaintiff-Appellant, *pro se*
789 Neal Dr.
Gurley, AL 35748
(256) 503-0675
scottm2@hiwaay.net

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 5,901 words, excluding the parts exempted by Fed. R. App. P. 32(f), as counted by Microsoft Word. It also complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and (6) because it uses 14-point Times New Roman, a proportionally spaced typeface.

Date: 09/08/2026

Scott McDonald
Plaintiff-Appellant, *pro se*
789 Neal Dr.
Gurley, AL 35748
(256) 503-0675
scottm2@hiwaay.net

## CERTIFICATE OF SERVICE

I certify that on August 6, 2026, a true and correct copy of the foregoing CORRECTED INITIAL BRIEF OF APPELLANT SCOTT MCDONALD has been sent by electronic means using the Court's CM/ECF electronic filing system for parties registered with CM/ECF and via US Mail, postage prepaid, for all other parties.

Date: 09/08/2026

[signature]

Scott McDonald
Plaintiff-Appellant, *pro se*
789 Neal Dr.
Gurley, AL 35748
(256) 503-0675
scottm2@hiwaay.net

James Eric Brisendine, Esq.
Counsel for Defendant-Appellee Beth McDonald
SCRUGGS DODD & BRISENDINE, ATTYS, PA
207 Alabama Avenue SW, Fort Payne, AL 36968-1109
256-845-5932
eric@sdblaw.us

Joseph E. Stott, Esq.
Counsel for Defendant-Appellee Brooke Dumont
STOTT & HARRINGTON, P.C.
2637 Valleydale Road, Suite 100
Birmingham, AL 35244
205-573-0500
joe@stottharrington.com